UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 21-09664-FWS (KSx) | Date | September 9, 2022 |
|---|---|---|---|
| Title | Chandler Ingram v. HamSquad, Inc. et al | | |

PRESENT: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

Melissa H. Kunig
Deputy Clerk

Not Reported
Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:          ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                            None Present

**PROCEEDINGS:     (IN CHAMBERS) ORDER CONTINUING DEADLINE TO RESPOND TO ORDER TO SHOW CAUSE AND SETTING MATTER FOR HEARING**

On July 25, 2022, the court ordered Defendants to show cause (1) why Defendants' counsel should not be stricken as attorney of record for lack of compliance with this court's previous order and the court's local rules, if an appropriate form was not filed by August 24, 2022; and (2) why Defendants' Answer to the Complaint (Dkt. 20) should not be stricken if Defendants' counsel was not in compliance with the court's previous order by that deadline. (*See* Dkt. 24.) The record reflects that Defendants have not responded to the Order to Show Cause. (*See generally* Dkt.) The court previously advised Defendants that Defendants' counsel's appearance or Defendants' Answer could be stricken from the docket if Defendants' counsel had not complied by the previously-set deadline. (*See* Dkt. 24.) In lieu of striking Defendants' Answer at this time, the court sua sponte continues the deadline for Plaintiffs to respond to the previous Order to Show Cause (Dkt. 24) to September 29, 2022, and sets the matter for hearing on **October 6, 2022, at 10:00 a.m**.

The court reiterates that the failure to comply with the court's orders may result in sanctions, including but not limited to, striking Defendants' Answer and/or removing Defendants' counsel from the docket. See Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (emphasis removed) (citation omitted); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming sua sponte dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-09664-FWS (KSx) | Date | September 9, 2022 |
| Title | Chandler Ingram v. HamSquad, Inc. et al | | |

control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").

Initials of Deputy Clerk    mku